24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. **852570**  DIVISION **L**

RONALD BURCH

vs.

HOLCIM (US) INC.

*************************************************************************

## PETITION

The petition of RONALD BURCH, a major domiciled in St. Tammany Parish, with respect represents:

1.

Defendant, HOLCIM (US) INC., is a corporation organized under the laws of Delaware, with its domicile and principal business office at 6211 N. Ann Arbor Road, Dundee Michigan 48131.

2.

This court is the proper venue for this action because the acts of Defendant took place within Jefferson Parish.

3.

Defendant employed Plaintiff as Area Manager.

4.

On or about November 18, 2023, Plaintiff learned that Defendant was transporting wastewater from Defendant's concrete facility at the Venture Global LNG Plant under construction in Port Sulphur, Louisiana and dumping it into the wastewater treatment facility Plaintiff managed at 3320 Airline Drive in Metairie, Louisiana.

5.

Dumping the transported wastewater into the Airline Drive treatment facility caused discharge of untreated wastewater into the surrounding area waters.

6.

Having been previously instructed by Defendant that wastewater from one facility could not be transported and treated at another facility and concerned that the transported wastewater was overloading the treatment facility in Metairie, Plaintiff reported the matter to Defendant's

24th E-Filed: 03/21/2024 08:17 Case: 852570 Div:L Atty:024137 BRIAN D KATZ

EXHIBIT A

Safety and Environmental Department and received confirmation that wastewater from the Port Sulphur facility should not be transported to the Metairie treatment facility.

7.

On or about November 20, 2023, Plaintiff attempted to stop another truck from dumping wastewater coming from Port Sulphur into the treatment facility on Airline Drive. He reported to his General Manager Greg Sessa that a truck was at the Airline facility with wastewater from the Port Sulphur LNG facility, that there was no permit allow the dumping, that there was no manifest that would show what was to be dumped in the Airline facility, and that the dumping would cause the wastewater to overrun the Airline treatment facility and run off into the surrounding area without being treated. Mr. Sessa instructed Plaintiff to allow the truck to dump the wastewater anyway.

8.

Plaintiff then submitted a CVPC report via Holcim's BOG ("Boots on the Ground") system noting that the transported wastewater was overrunning the treatment system.

9.

On December 1, 2023, at approximately 9:30 am, during a meeting at the Airline office, Plaintiff complained again about the dumping of the Port Sulphur wastewater at the Airline Dr. facility. Safety and Environmental department employees at the meeting agreed that this was not in compliance with environmental rules and regulations.

10.

At approximately 10:30 am on December 1, Plaintiff was summoned to Greg Sessa's office and fired. Mr. Sessa initially refused to give Plaintiff any reason for the termination.

11.

Prior to firing Plaintiff, Defendant had never disciplined him for poor performance or any reason, and had never complained to him about his job performance.

12.

Defendant terminated Plaintiff because of his good faith disclosure of Defendant's environmental violations.

13.

24th E-Filed: 03/21/2024 08:17 Case: 852570 Div:L Atty:024137 BRIAN D KATZ

Defendant's actions as described in paragraphs 3 – 12 above caused Plaintiff to suffer a loss of wages and benefits, mental anguish, emotional distress, inconvenience, loss of enjoyment of life and other loss.

13.

Plaintiff asserts causes of action against Defendant for violation of La. R.S. 30:2027, seeking treble damages and all damages and relief allowed under the law.

WHEREFORE, Plaintiff prays:

1. That certified copies of this petition, together with citation, be issued and served according to law on the Defendant.

2. After the lapse of all legal delays and proceedings had, there be judgment against HOLCIM (US) INC., in favor of RONALD BURCH, in such amounts as are reasonable in the premises.

3. For legal interest from date of judicial demand on all amounts awarded, and for all costs of these proceedings; and

4. For all necessary orders and decrees as may be required or proper in the premises and for full, general, and equitable relief.

Respectfully Submitted,

The Law Office of Alan Kansas, LLC

_____
ALAN F. KANSAS, LA BAR #27725
1801 Carol Sue Ave.
Gretna, LA 70056
(504) 210-1150
FAX (504) 617-6525

&
Herman, Herman, & Katz, LLC

_____
BRIAN D. KATZ, LA BAR # 24137
909 Poydras St., Suite 1860
New Orleans, Louisiana 70112-4060
(504) 680-0564
Fax: 504-561-6024

PLEASE HOLD SERVICE
Waiver of service to be requested.